IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | )<br>)<br>) **C O M P L A I N T** |
| CUDD ENERGY SERVICES, | )<br>) **Jury Trial Demanded** |
| Defendant. | ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Alexis Villanueva ("Villanueva") who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Cudd Energy Services ("Defendant") discriminated against Villanueva when it subjected him to harassment based on his race, Asian, and terminated his employment based on his race, and in retaliation for his complaints about the racial harassment in violation of Section 703(a), 42 U.S.C. §2000e-2(a) and 704(a), 42 U.S.C. §2000e-3(a).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of North Dakota.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Cudd Energy Services has continuously been a Texas corporation doing business in the State of North Dakota and the City of Williston. Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b) (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Alexis Villanueva filed a charge with the EEOC alleging violations of Title VII by Defendant.

7. On December 22, 2014, EEOC determined that there was reasonable cause to believe that Defendant discriminated against Villanueva in violation of Title VII by subjecting him to racial harassment, and terminating his employment based on his race, and in retaliation for his complaints about the harassment.

8. The conciliation efforts required by law have occurred and were unsuccessful.

    (a)    On December 22, 2014, the EEOC issued to Defendant a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory

practices and provide appropriate relief.

(b)   On January 23, 2015, a conciliation proposal was sent to Defendant.

(c)   On February 20, 2015, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that despite its efforts the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this suit have been fulfilled.

10. Defendant is an oilfield service company headquartered in The Woodlands, TX. Defendant operates a facility in Williston, ND.

11. Since at least March 2013, Defendant engaged in unlawful employment practices at its facility in Williston, ND in violation of Section 703(a), 42 U.S.C. §2000e-2(a) and 704(a), 42 U.S.C. §2000e-3(a) by subjecting Villanueva to harassment based on his race, Asian, and terminating his employment because of his race, and in retaliation for his complaints about racial harassment.

12. Villanueva worked for Defendant at its Williston, ND location from February 2013 to July 2013 as an equipment operator.

13. Villanueva was subjected to racial harassment by his white supervisor who frequently called Villanueva "little Asian" and "chow." The supervisor told Villanueva that he called him "chow" based on the Asian character in the movie "Hangover." The supervisor refused to call Villanueva by his name, and also wrote "chow" on Villanueva's uniform and hard hat. Villanueva was offended and did not like being called "little Asian" or "chow."

14. In addition to the racial comments, the harassment was physical including an incident where the supervisor assaulted Villanueva during an employee meeting in July 2013. The supervisor poured a bottle of water on Villanueva's head, grabbed his head, and pushed it down towards a table. The assault caused Villanueva to suffer injuries for which he sought medical treatment.

15. Villanueva complained about the racial harassment to supervisors on various occasions between May 2013 and July 2013. He also filed a report with the Williston police on or about July 30, 2013 about the physical assault by his supervisor.

16. On July 31, 2013, Defendant terminated Villanueva's employment because of his race and in retaliation for his complaints of discrimination. Defendant's reasons for the termination are pretext for discrimination.

17. The effect of the practices complained of in paragraphs 11-16 above, has been to deprive Villanueva of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Asian, and in retaliation for opposing race discrimination.

18. The unlawful employment practices complained of in paragraphs 11-16 above were and are intentional.

19. The unlawful employment practices complained of in paragraphs 11-16 above were done with reckless indifference to the federally protected rights of Villanueva.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee based on the employee's race and/or retaliation.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Asian employees, and employees who report complaints of discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Villanueva by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 11-16 above.

D.  Order Defendant to make whole Villanueva by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-16 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E.  Order Defendant to make whole Villanueva by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11-16 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Villanueva punitive damages for its malicious and reckless conduct, as described in paragraphs 11-16 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
5th Floor
Washington, D.C.  20507


/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney



/s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Minneapolis Area Office
330 Second Avenue South, Suite 720

Minneapolis, Minnesota  55401
Telephone:  (612) 335-4074
Facsimile:   (612) 335-4044
tina.burnside@eeoc.gov